IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM E. JAMES,                )
                                 )
          Plaintiff,             )
                                 )
     vs.                         ) Civil Action No. 10-1482
                                 )
STATE FARM MUTUAL AUTOMOBILE     )
   INSURANCE COMPANY,            )
                                 )
          Defendant.             )

**MEMORANDUM OPINION**

Pending before the Court is a motion to dismiss Count I of the Complaint, filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 3, "Mot. Dis.") For the reasons discussed below, Defendant's motion is denied without prejudice.

**I.   BACKGROUND**

   A.   Factual History

According to the Complaint, William James had stopped his vehicle at a redlight in downtown Pittsburgh, Pennsylvania, on August 24, 2007, when his car was struck from the rear by another vehicle driven by Shauna Lynn McPherson. At the time, Ms. James' vehicle was covered by an automobile insurance policy issued by State Farm pursuant to Pennsylvania law; the policy

included underinsured/uninsured motorist ("UIM") coverage in the amount of $100,000. As a result of the accident, Mr. James sustained numerous injuries, some of which may be permanent.

After obtaining State Farm's consent to settle, Mr. James made a demand for compensation from Ms. McPherson, whose insurance company paid the limits of her automobile policy, $25,000. Mr. James then sought compensation from State Farm for the remainder of his damages. To date, State Farm has failed to provide that compensation.

B. Procedural Background

Plaintiff filed suit in the Court of Common Pleas of Allegheny County on August 23, 2010, alleging in Count I that State Farm had breached the contract of insurance by failing to compensate him for his injuries as required by the UIM provisions of his policy and in Count II that this refusal without a reasonable basis violated 42 Pa. Stat. Ann. § 8371, the Pennsylvania Bad Faith Statute.

Defendant received a copy of the complaint on or about October 8, 2010. On November 5, 2010, State Farm timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, based on complete diversity of the parties and an amount in controversy greater than $75,000, exclusive of interest and

2

costs, as required by 28 U.S.C. § 1332.[1]  Mr. James did not object to the removal.

On November 11, 2011, State Farm moved to dismiss Count I of the Complaint, arguing that Plaintiff had failed to plead the breach of contract claim to the standard established in <u>Bell Atlantic Corp. v. Twombly</u>, 559 U.S. 544 (2007), and its progeny. Plaintiff opposes the motion.  The parties having fully briefed their respective arguments, the matter is ripe for consideration.

## II. JURISDICTION AND VENUE

As noted above, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Venue is appropriate in this District inasmuch as a substantial part of the events giving rise to the claim occurred in this District.  28 U.S.C. § 1391(a)(2).

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a pleading which "states a claim for relief must contain. . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule further provides that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required."  Fed. R. Civ. P. 8(d).  "The

---

[1] Defendant states, without objection from Plaintiff, that Mr. James is a citizen of Pennsylvania and State Farm is a corporation organized under the laws of the State of Illinois with its principal place of business located in Bloomington, Illinois.  Notice of Removal, Doc. No. 1, ¶¶ 9-10.

3

touchstone of Rule 8(a)(2) is whether a complaint's statement of facts is adequate to suggest an entitlement to relief under the legal theory invoked and thereby put the defendant on notice of the nature of the plaintiff's claim." In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 2010 U.S. App. LEXIS 17107, *45-*46, n.18 (3d Cir. Aug. 16, 2010) ("Brokerage Antitrust"), *citing* Twombly, 550 U.S. at 565, n.10.

In the aftermath of Twombly and Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and the interpretation of those two cases by the United States Court of the Appeals for the Third Circuit in a series of precedential opinions, the pleading standards which allow a complaint to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) have taken on slightly new parameters. Beginning in Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008), the Court of Appeals noted, "After Twombly, 'it is no longer sufficient to allege mere elements of a cause of action;' instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Phillips, 515 F.3d at 233, *quoting* Twombly, 550 U.S. at 563, n.8 (alteration in original.) Because "[c]ontext matters in notice pleading," the Phillips Court held that "some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what

4

the . . . claim is and the grounds upon which it rests.'" Id., *quoting* Twombly, 550 U.S. at 555; *see also* McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) the Court of Appeals noted that following Twombly and Iqbal, conclusory "bare-bones" allegations that "the defendant unlawfully harmed me" no longer suffice. A civil complaint must now include "sufficient factual matter to show that the claim is facially plausible." Fowler, 578 F.3d at 210; *see also* Twombly, 550 U.S. at 555, holding that a complaint which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

Thus, the current formulation of the standard of review for a motion to dismiss under Rule 12(b)(6) asks the court to determine if the plaintiff's claims are "plausible." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; *see also* Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009); Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); and Bob v. Kuo, No. 20-1615, 2010 U.S. App. LEXIS 14965, * 4 (3d Cir. July 20, 2010). "[W]hat suffices to withstand a motion to dismiss necessarily depends on substantive law and the elements of the

5

specific claim asserted." Brokerage Antitrust, 2010 U.S. App. LEXIS 17107, *46, n.18. Some claims will demand relatively more factual detail to satisfy this standard, while others require less. See Arista Records LLC v. Doe, 604 F.3d 110, 120 (2d Cir. 2010), stating that although the Supreme Court's recent Rule 8 decisions did not heighten pleading requirements, Twombly and Iqbal held that complaints "require factual amplification [where] needed to render a claim plausible." (Internal quotation omitted; alteration in the original.) "Determining whether a complaint states a plausible claim for relief will. . .be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Brokerage Antitrust, 2010 U.S. App. LEXIS 17170 at *177, quoting Iqbal, id.; McTernan, 577 F.3d at 530 (same.)

In sum, the court must take three steps in determining the sufficiency of the complaint: it must (1) note "the elements a plaintiff must plead to state a claim;" (2) identify allegations that "are no more than conclusions" and thus "are not entitled to the assumption of truth," and (3) assume the veracity of well-pleaded factual allegations and determine if they "plausibly give rise to an entitlement for relief." Santiago v. Warminster Twp., 629 F.3d, 121, 130 (3d Cir. 2010), quoting Iqbal, 129 S.Ct. at 1947. "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove

6

those facts or will ultimately prevail on the merits. The Supreme Court's formulation of the pleading standard in Twombly does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." McTernan, 564 F.3d at 646 (internal quotations omitted.) At this stage of the litigation, the Court must determine if Plaintiff has sufficiently pled his claims, not whether he can prove them. Fowler, 578 F.3d at 213; Culinary Serv. of Del. Valley, No. 09-4182, 2010 U.S. App. LEXIS 13485, *10 (3d Cir. June 30, 2010).

**IV. DISCUSSION**

As the parties agree, to state a claim for breach of contract, the plaintiff must plead facts to show: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) damages resulting from that breach. (State Farm's Brief in Support of Motion to Dismiss, Doc. No. 4, "Def.'s Brief," at 4; Plaintiff's Brief in Opposition to State Farm's Motion to Dismiss, Doc. No. 12, at 3, both *citing* Pennsy. Supply Inc. v. American Recycling Corp., 895 A.2d 595, 600 (Pa. Super. Ct. 2006), *quoting* Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).) The parties do not dispute that there was a

valid and enforceable contract of insurance between themselves, thus the first element is satisfied.

Plaintiff also alleges that there is no question that Ms. McPherson was liable for the injuries to him and that the $25,000 her insurance company paid to him, with the prior approval of State Farm, was inadequate to compensate Mr. James for the severe and permanent injuries he sustained. (Complaint, ¶¶ 7, 16, 19.) The insurance policy[2] in effect at the date of the accident provides uninsured motor vehicle coverage in the amount of $100,000 for each person, as evidenced by the letter "U" on the Declarations Page (see Mot. Dis., Exh. A, at 2.) This coverage is an essential term of the contract and is adequately pled in Paragraph 3 of the Complaint. In Paragraphs 8 through 15 of the Complaint, Plaintiff described his physical injuries, together with the consequential damages he will

---

[2] In deciding a motion to dismiss under Rule 12(b)(6), a court may generally consider only the complaint, exhibits attached thereto, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). An exception to this rule is that the court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to dismiss if the plaintiff's claims are based on the document." Id. Defendant has attached to the motion to dismiss a copy of the policy issued to Mr. James, number 95 0835-B09-35A. This policy appears to cover the period January 22 through August 9, 2006, which does not include the date on which the accident occurred. However, a State Farm custodian of records certified that "[t]he policy was in effect on the loss date of August 24, 2007." (See Mot. Dis., Exh. A, at 1.) Plaintiff does not object to this exhibit and the Court will therefore consider its contents without converting the pending motion to a motion for summary judgment.

continue to experience, e.g., pain, expense, diminution of earning capacity, physical limitations, and ongoing medical care. He has also alleged that he sought and received consent from State Farm to accept the $25,000 from Ms. McPherson's insurance company (Complaint, ¶ 16), as evidenced by a letter dated August 18, 2010, from Beverly Raker, a State Farm Claim representative, attached as Exhibit A to the Complaint.

Plaintiff further alleges that because Ms. McPherson was driving an underinsured vehicle and because the value of his damages exceeds the $25,000 he was able to recover from her, State Farm has a duty to compensate him for those damages, up to the limit of the policy, i.e., $100,000. As of the date on which he filed his complaint, August 23, 2010, Defendant had failed to compensate him and thus breached its duty under the contract. (Complaint, ¶¶ 19-20.)

These factual allegations are pled in sufficient detail to satisfy the pleading standards of Twombly. *Compare* Rubin v. State Farm Mut. Auto. Ins. Co., CA No. 10-1651, 2011 U.S. Dist. LEXIS 1613, *3-*6, *11-*14 (W.D. Pa. Jan. 7, 2011), denying motion to dismiss the breach of contract claim under similar facts and argument.

State Farm cites to the provisions of the insurance policy which provide that the insured and the company must agree on two issues, fault and amount, before State Farm is required to pay

9

damages for bodily injury to an insured. (Mot. Dis., ¶ 4.) The same section provides that if either party does not consent to arbitrate or if the arbitrators selected by the parties cannot agree on a third arbitrator, the insured shall file suit against the uninsured motorist and State Farm "to have a jury decide the amount of damages that he is entitled to recover from the tortfeasor, and not whether State Farm breached the insurance contract." (Def.'s Brief at 4.) Defendant states that while it "was still obtaining relevant information on the claim" (id. at 3), Mr. James filed suit, alleging breach of contract. In short, State Farm argues that Mr. James "jumped the gun" by alleging breach of contract before the parties had agreed to disagree on the fault and amount of damages.

As the Court of Appeals concluded in a case involving almost identical language from a State Farm insurance contract, the arbitration clause is not triggered unless there is a disagreement involving the insured's legal entitlement to collect damages or the amount of the damages. State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 717 (3d Cir. 2000). There appears to be no question of fault in this case because both parties agree that Ms. McPherson was at fault; neither party has alleged or argued that there is a disagreement over the amount of Mr. James' damages. Thus, at this point in the

litigation, the Court cannot determine if the arbitration clause must be invoked.

Plaintiff has properly alleged a breach of contract. Whether that claim is precluded by the terms of the insurance contract or whether there are conditions precedent which must be satisfied before he may recover on that claim under the terms of the insurance policy are matters yet to be determined. Defendant's motion to dismiss is therefore denied without prejudice and the argument may be raised again at an appropriate time in the future.

An appropriate Order follows.

March __1__, 2011    _/s/ William L. Standish_
                        William L. Standish
                        United States District Judge